# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

Debtor 1: PATRICIA ANN PRESSLEY
First Name / Middle Name / Last Name

Debtor 2 (Spouse, if filing): _____
First Name / Middle Name / Last Name

Case Number (If known): 19-10480

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan: ☒ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan: ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☒ does not value claim(s) that secures collateral.

    (c) This plan: ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☒ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $<u>4,340.00</u> for the applicable commitment period of:

    ☒ 60 months; or
    ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____, 20____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____%   ☐ Debtor 2 _____%

    ☒ Direct to the Trustee for the following reason(s):
    ☒ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    _____

    (c) Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Carrington Mortgage | 2242 Patrick Avenue, | N | Debtor | Aril 2019 | 588.00 |
| Melvin Barton | 2858/2858A Lumpkin Rd.and 2856 Lumpkin Road | N | Debtor | April 2019 | 701.00 |
| South State Bank | 3706 Kingsgate | N | Debtor | April 2019 | 531.11 |
| South State Bank | 5119 Wrightsboro Rd. | N | Debtor | April 2019 | 3,455.64 |
| Southern Bank | 2432 Boykin Rd., 199 Spring Hill Court, 2670 Farmers Bridge Road, & 4280 Windsor Spring Road | N | Debtor | April 2019 | 3,125.00 |
| Wells Fargo | 2612 Farmers Bridge Rd. | Y | Debtor | April 1, 2019 | 1,380.70 |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $<u>00.00</u>.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Fox 3, LLC | 4216 Rheney Rd, 4125/4127 Peach Orchard Rd. | 69,302.90 | 5% | 1,400.00 |
| Ford Motor Credit Company | 2013 Ford F-150 | 18,861.09 | 6% | 399.00 |
| Lincoln Automotive Financial | 2015 Lincoln Navigator | 48,854.09 | 6% | 945.00 |
| Conn Appliances Inc. | Living Room Furniture | 1,879.18 | 4% | 40.00 |

## CHAPTER 13 PLAN CONTINUED

4. Treatment of Claims. From the payments received, the Trustee shall make disbursements as follows unless designated otherwise

(d) Fully Secured Allowed Claims – Continued

| **Creditor** | **Description of Collateral** | **Estimated Claim** | **Interest Rate** |
|---|---|---|---|
| Wells Fargo Bank, N.A. | Purchase Money Security Interest | $12,372.81 | 6% |

**Monthly Payment**
$206.20

| Fox 3, LLC | 4216 Rheney Rd., 4125/4127 Peach Orchard Rd. | 4,916.88 | 0% | 100.00 |

(e) **Secured Claims Excluded from 11 U.S.C. § 506** (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)). The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%
☐ with interest at _____ % per annum or ☐ without interest:

_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a <u>100</u> % dividend or a pro rata share of $ _____, whichever is greater.

5. **Executory Contracts.**

   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| Lincoln Automotive Financial Services | 2017 Lincoln Continental | Assumed | 877.48 | Debtor |
| Patricia Scott | 2858 Lumpkin Road | Assumed | | Sherrie Boyd (Tenant) |
| Patricia Scott | 4127 Peach Orchard Road | Assumed | | Brian Hughes (Tenant) |
| Patricia Scott | 2422 Patrick Avenue | Assumed | | Shaquana Smith |
| Patricia Scott | 2432 Boykin Road | Assumed | | Mary Carter |
| Patricia Scott | 199 Spring Hill Court | Asssumed | | Rod Plumber |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

## ASSUMED LEASES CONTINUED

| CREDITOR | PROPERTY | ASSUMED/REJECTED | TENANT |
|---|---|---|---|
| Patricia Scott | 2670 Farmers Bridge | Assumed | Lakisha Davis |
| Patricia Scott | 4280 Windsor Spring | Assumed | Nadia Johnson |
| Patricia Scott | 5117 Wrightsboro | Assumed | Diana Youngblood |
| Patricia Scott | 4125 Peach Orchard | Assumed | Tawanda Higgs |
| Patricia Scott | 4252 Windsor Spring | Assumed | Kerry Carmen |
| Patricia Scott | 2107 Bungalow | Assumed | Wanda Stevens |
| Patricia Scott | 1001 Laney Walker | Assumed | Kerry Carmen |

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☒ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| Ford Motor Credit Company | 137.50 |
| Lincoln Automotive Financial Services | 594.50 |
| Fox 3, LLC | 750.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Wells Fargo Bank, N A | Mercedes Benz | 45,136.37 |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

   **Claims of (1) Hyundai Financial secured by 2016 Hyundai Elantra (in approximate amount of $9,000.00) and (2) Wells Fargo N.A. secured by 2013 Hyundai Accent (in approximate amount of $5,000,00) are to be paid direct by the persons possession and using such cars as such persons have equitable title to such cars and make all payments on such cars pursuant to the underlying agreements. Unless Debtor enters into another agreement with Lincoln Automotive Services regarding the 2017 Lincoln Continental lease, payments to the Trustee will increase in the amount of the monthly lease payment of $877.48 in March 2020. UPON GRANT OF DISCHARGE IN THIS CASE, ALL SECURED CREDITORS BEING PAID THROUGH THE PLAN SHALL PROMPTLY RELEASE ALL COLLATERAL HELD AS SECURITY ON LOANS, AND SHALL PROMPTLY RELEASE AND/OR SATISFY ALL SECURITY DEEDS, SECURITY AGREEMENTS, UCC FILINGS, JUDGMENT LIENS, TITLES, AND/OR ANY OTHER LIEN CLAIM OF ANY KIND AGAINST PROPERTY OF THE DEBTOR. THIS PARAGRAPH SHALL IN NO WAY APPLY TO MORTGAGES AND/OR OTHER SECURED DEBTS THAT ARE NOT PAID THROUGH THE CHAPTER 13 PLAN.**

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated:   3/26/2019

_____
/s/ Patricia Ann Scott
*Debtor*

_____
*Debtor 2*

_____
/s/ Bowen A. Klosinski
*Attorney for the Debtor(s)*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

IN RE: )
) CHAPTER 13
PATRICIA ANN SCOTT ) CASE NO. 19-10480
)

## CERTIFICATE OF SERVICE

This is to certify that on the date below, I served a copy of the foregoing Chapter 13 Plan upon the parties below electronically:

Huon Le
P.O. Box 2127
Augusta, GA 30903

Office of the U.S, Trustee
Johnson Square Business Center
2 East Bryan Street, Suite 725
Savannah GA 31401

This is to certify that on the date below, I served a copy of the foregoing Chapter 13 Plan upon the parties below via USPS mail:

See Attached Mailing Matrix

This 23rd day of April.

/s/ Bowen A. Klosinski
Bowen A. Klosinski

KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, GA 30909
706-863-2255

```
Label Matrix for local noticing          American Express                          Carrington Financial
113J-1                                    Becket and Lee LLP                        PO Box 79001
Case 19-10480-SDB                         PO Box 3001                               Phoenix, AZ 85062-9001
Southern District of Georgia              Malvern, PA 19355-0701
Augusta
Tue Apr 23 15:14:31 EDT 2019

East Settlement                           (p)FORD MOTOR CREDIT COMPANY              Fox 3, LLC
PO Box 29262                              P O BOX 62180                             4420 Evans to Locks Road
New York, NY 10087-9262                   COLORADO SPRINGS CO 80962-2180            Evans, GA 30809-3602


Internal Revenue Service                  Bowen Anderson Klosinski                  Huon Le
PO Box 7346                               Klosinski Overstreet                      P.O. Box 2127
Philadelphia, PA 19101-7346               1229 Augusta West Parkway                 Augusta, GA 30903-2127
                                          Augusta, GA 30909-1807


Lendmark Financial Financial Services, LLC   Lincoln Automotive                     Lincoln Automotive Services
2118 Usher Street                         PO Box 62180                              PO Box 62180
Covington, GA 30014-2434                  Colorado Springs, CO 80962-2180           Colorado Springs, CO 80962-2180


Melvin Barton                             Office of the U. S. Trustee               (p)PORTFOLIO RECOVERY ASSOCIATES LLC
3218 Mike Padgett Highway                 Johnson Square Business Center            PO BOX 41067
Augusta, GA 30906-3746                    2 East Bryan Street, Ste 725              NORFOLK VA 23541-1067
                                          Savannah, GA 31401-2638


Patricia Ann Pressley                     South State Bank                          Southern Bank
2612 Farmers Bridge Road                  3350 Wheeler Road                         2455 GA Hwy
Hephzibah, GA 30815-5412                  Evans, GA 30809                           Hephzibah, GA 30815


Southern Bank                             Synchrony Bank                            Synchrony Bank c/o PRA Receivables Manageme
2455 GA Hwy 88                            c/o PRA Receivables Management, LLC       PO Box 41021
Hephzibah, GA 30815-4626                  PO Box 41021                              Norfolk, VA 23541-1021
                                          Norfolk, VA 23541-1021


Wells Fargo                               Wells Fargo Bank, dba Wells Fargo Auto
P.O. Box 250                              PO Box 19657
Essington, PA 19029-0250                  Irvine, CA 92623-9657
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Ford Motor Credit Company, LLC            Portfolio Recovery Associates             (d)Portfolio Recovery Associates
PO Box 62180                              c/o Mega Group USA                        c/o Shaw Financial Solutions
Colorado Springs, CO 80962                PO Box 41067                              PO Box 41067
                                          Norfolk, VA 23541-0000                    Norfolk, VA 23541-0000
```

| | |
|---|---|
| ind of Label Matrix | |
| lailable recipients | 22 |
| ypassed recipients | 0 |
| 'otal | 22 |